AB/2015R00669

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| v. | : | Criminal No. 20- |
| LISA CURTY | : | |
| | : | 18 U.S.C. § 1349 |

# INFORMATION

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

**(Conspiracy to Commit Health Care Fraud)**

1.  Unless otherwise indicated, at all times relevant to this Information:

**The Defendant and Marketing Company-1**

a.  Defendant LISA CURTY ("defendant CURTY") was a resident of New Jersey and one of the owners of Marketing Company-1, a marketing company organized under the laws of New Jersey.

**Compounding**

b.  In general, "compounding" was a practice in which a licensed pharmacist, or a licensed physician, combined, mixed, or altered ingredients of a drug to create a medication tailored to an individual patient's needs. Pharmacies engaged in the practice of compounding were referred to as "compounding pharmacies."

c.  The Food and Drug Administration ("FDA") did not approve compounded drugs; that is, the FDA did not verify the safety, potency, effectiveness,

or manufacturing quality of compounded drugs.

    d. Generally, a physician prescribed compounded drugs when an FDA-approved drug did not meet the health needs of a particular patient. For example, if a patient was allergic to a specific ingredient in an FDA-approved medication, such as a dye or preservative, a compounded drug could be prepared excluding the substance that triggered the allergic reaction. Compounded drugs also could be prescribed when a patient could not consume a medication by traditional means, such as an elderly patient or child who could not swallow an FDA-approved pill and who needed the drug in a liquid form that was not otherwise available.

## The Compounding Fraud Scheme

  2. Starting at least as early as in or about 2013 and continuing through in or about August 2017, certain marketing companies and compounding pharmacies began targeting individuals with health insurance plans that paid for various compounded drugs at substantially higher rates than an FDA-approved drug therapeutic equivalent (the "Paying Plans").

  3. Specifically, these marketing companies recruited and paid individuals as "sales representatives" to either: (1) obtain medically unnecessary compounded drugs for themselves ("self-prescriptions") or their family members through their respective Paying Plans; or (2) recruit others with Paying Plans to obtain medically unnecessary compounded drugs.

  4. Health care providers ordered these prescriptions for compounded drugs without any legitimate patient encounter to serve as the basis for a valid assessment

that the prescription was necessary for a given patient.

5. The marketing companies generated profits through: (1) direct relationships with certain compounding pharmacies; or (2) affiliations with other marketing companies that, in turn, had their own relationships, either directly or indirectly, with other compounding pharmacies. Through these various relationships, the marketing companies directed prescriptions to certain compounding pharmacies in exchange for a percentage of the reimbursement payment that the compounding pharmacies received from the Paying Plans in connection with claims that that marketing companies referred.

6. Marketing companies also encouraged their sales representatives to recruit other "downline" sales representatives in furtherance of the scheme. The marketing companies or compounding pharmacies paid sales representatives or their respective "downline" representatives a portion of the reimbursement payment received for each prescription the representatives caused to be filled, including self-prescriptions and family member prescriptions.

7.     From in or about February 2015 through in or about February 2017, in the District of New Jersey and elsewhere, defendant

**LISA CURTY**

did knowingly and willfully conspire and agree with others to execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program and to obtain, by means of false and fraudulent pretenses, representations, and promises, any of the money owned by, and under the custody and control of, a health care benefit program in connection with the delivery of or payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

### Object of the Conspiracy

8.     The object of the conspiracy was for defendant CURTY and others to profit from the submission of false and fraudulent insurance claims for medically unnecessary compounded prescription drugs to various Paying Plans.

### Manner and Means of the Conspiracy

9.     The manner and means by which defendant CURTY and others sought to accomplish the object of the conspiracy included, among other things, the following:

  a.     Defendant CURTY recruited "sales representatives" to sell various compounded drugs, including pain creams, scar creams, wound creams, and metabolic supplements/vitamins for Marketing Company-1 in conjunction with various compounding pharmacies (collectively, the "Compounding Pharmacies").

  b.     The Compounding Pharmacies obtained payment from various Paying Plans, which constituted "health care benefit programs" that affected

4

commerce as defined in 18 U.S.C. § 24(b), for the compounded drugs the sales representatives sold on behalf of Marketing Company-1.

      c.     In exchange for the prescriptions that Marketing Company-1 directed to them, the Compounding Pharmacies paid Marketing Company-1 a percentage of the reimbursement payment they received from the Paying Plans for each medically unnecessary prescription for compounded drugs Marketing Company-1 caused to be billed to a Paying Plan, regardless of medical necessity.

      d.     As one of the owners of Marketing Company-1, defendant CURTY kept a portion of the payment and provided a "commission" payment to the sales representative that generated the business.

      e.     In order to induce the Paying Plans to pay for the medically unnecessary compounded drugs, defendant CURTY and others made it appear as if the compounded drugs were medically necessary, when in fact they were not.

      f.     Through these methods, the Paying Plans were billed for medically unnecessary compounded medications.

      g.     As a result of defendant CURTY's participation in the scheme to bill for medically unnecessary compounded drugs from in or about February 2015 through in or about February 2017, defendant CURTY caused a loss to the Paying Plans of at least $8,800,000.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION

1. Upon conviction of the offense of conspiracy to commit a Federal health care fraud offense, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349, as alleged in this Information, the defendant CURTY shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, obtained by the defendant CURTY that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of such offense.

### Substitute Assets Provision

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third person;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

*Craig Carpenito*
CRAIG CARPENITO
United States Attorney

6

CASE NUMBER: 20-_____

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

LISA CURTY

INFORMATION FOR

18 U.S.C. § 1349

CRAIG CARPENITO
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

Adam Baker
*ASSISTANT U.S. ATTORNEY*
*973-645-2858*